IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SABRINA KIRKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:08-cv-915-WKW |
| | ) | |
| GREG RAUCH, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court are Plaintiff's Complaint, as amended (Docs. #1, 7), and Motion to Proceed *In Forma Pauperis* (Doc. #2). Based on the Court's review of Plaintiff's Motion for *in forma pauperis* status and the supplemental information she has provided (Doc. #6), Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. #2) is GRANTED. For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that the Court DISMISS Plaintiff's Complaint, as amended, without any further opportunity for amendment and prior to service, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) (2000).[1]

**I.    BACKGROUND**[2]

---

[1]    The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2]    The following recitation of relevant facts is gathered from Plaintiff's complaint and supporting documents. For purposes of determining whether she has stated a claim for relief which could be granted, the well-pleaded allegations of the complaint and appended documents

Plaintiff is a former seasonal employee of the Montgomery Professional Baseball Club, the corporate entity responsible for the Montgomery Biscuits baseball team. Plaintiff was employed as a "suite server" for two years, including through the 2007 baseball season. As the 2008 season approached, Plaintiff anticipated resuming her seasonal employment as a suite server. In March of 2008 she was invited to and attended orientation, which she took as indicative of the employers' intent to retain her. At the orientation, she was told that the suite server positions were being filled on an individual basis. Thus, she completed an application. She was told that she would be given a position, but was not promised a suite server position. She was told to expect a phone call later in the month with further instructions or information. She never received that phone call.

Plaintiff initiated Equal Employment Opportunity Commission ("EEOC") proceedings in May of 2008. Upon completing its investigation, the EEOC determined that it was unable to conclude that a violation of federal employment discrimination statutes had occurred. Accordingly, the EEOC issued Plaintiff a right to sue letter on September 26, 2008.

On November 19, 2008, Plaintiff filed her original Complaint. (Doc. #1). Plaintiff's complaint alleges employment discrimination on the basis of her race, sex, and age. On November 21, 2008, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #3). On initial review, the Court observed that Plaintiff's complaint appeared to suffer from fatal defects, namely her failure to properly

are taken as true and construed in the light most favorable to Plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

state a claim of employment discrimination or provide sufficient factual support for her claim.  Thus, on November 24, 2008, the Court ordered Plaintiff to amend her complaint by December 22, 2008.  (Doc. #4).  On January 23, 2009, after the Court again ordered (Doc. #5) her to amend her complaint, Plaintiff filed her Amended Complaint (Doc. #7).

## II.    STANDARD OF REVIEW

To sufficiently state a claim of employment discrimination, Plaintiff need not plead a *prima facie* case of employment discrimination in her complaint.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).  Rather, Plaintiff need include only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 512; Fed. R. Civ. P. 8(a)(2).  The notice pleading requirement of Rule 8, as emphasized in *Swierkiewicz*, does not absolve Plaintiff of the requirement to plead her claims with a degree of clarity and specificity.  Plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  Likewise, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (internal quotations omitted).  Accordingly, in her complaint, Plaintiff must present "'enough factual matter (taken as true) to suggest' intentional race discrimination."  *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1965).

## III.    DISCUSSION

Plaintiff's complaint, as amended, does not meet the minimal standards set forth

above.  Plaintiff submitted a form "EEOC COMPLAINT."  (Doc. #1).  The substance of her

claim, as provided in the section requiring the plaintiff to describe the "nature" of the

complaint, is as follows:

> I was invited and attended orientation in March of 2008.  Jason Wilson
> told me there was a mess down there but we would find me something to do
> because of my loyal[t]y and respo[n]sibi[li]ty.  In August[,] Deyonee Harris[,]
> Investigator for the U.S. EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION, Birmingham District Office[,] called me and said that the
> Montgomery Professional Baseball Club would like to make a settlement.  She
> ask [sic] me what amount.  I told her between $15,000 and $20,000, she said
> ask for $20,000.  She called me back in about 30 days and told me I would
> need an attorney.

Complaint (Doc. #1) at 2.  Plaintiff also attached a number of documents to her complaint

which appear to have been generated during the EEOC's investigation of her claim.  While

certain of these documents arguably describe her claim in greater detail,[3] others appear to

dispute the claim.[4]   Thus, reliance on these documents is not particularly helpful in

---

[3]       Within these documents is a handwritten account from Plaintiff in which she
describes her participation in the orientation and states "I could tell at the orientation they were
all new girl[s] all of them white [and] younger."  Although she does not explicitly allege it,
Plaintiff seems to be implying that these "new," "white," and "younger" "girls" were hired to
replace Plaintiff and others.  Elsewhere in the appended documents, Plaintiff states the "employer
failed to hire me and to my knowledge, a younger White female who had only worked with the
employer the previous year was rehired."  Of course, Plaintiff's observation of "younger" "white"
"girls" at orientation does not mean that they were hired as suite servers and certainly does not
permit the inference that Plaintiff was not rehired as a suite server because of her age or race.
Likewise, the retention of one "younger White" female as a suite server does not amount to an
allegation that Plaintiff was not retained as a suite server due to her race.  In essence, such
inferences, if that is what is intended, amount to pure speculation.

[4]       *See, e.g.*, Pre-Determination Interview with Charging Party Summary Sheet
(attached to original Complaint) (Doc. #1)("Respondent contends that they decided not to rehire
[Plaintiff], but that it had nothing to do with her race or age.  Respondent further contends that
they decided to keep only four (4) Suite Servers from the previous year.  Respondent also

considering whether Plaintiff has adequately stated a claim for relief because, even considering the allegations set forth in the attached documents, Plaintiff still has not pled a claim consisting of more than bare speculation.

In light of these deficiencies, the Court ordered Plaintiff to amend her complaint. Specifically, the Court instructed Plaintiff to clearly state "the factual and legal basis for her claims against Defendants, including specific allegations addressing whether Plaintiff was discriminated against based on her membership in a protected class, and whether persons from outside her protected class(es) were treated more favorably by Defendants." (Doc. #4). Plaintiff's Amended Complaint is not responsive to the Court's order, as it only restates the allegations already presented in the original Complaint. *See* Amended Complaint (Doc. #7) at 1-2.

Taking all of the allegations of Plaintiff's complaint, as amended, as true, Plaintiff has not stated a claim of employment discrimination exceeding the "speculative level" because she has not "provide[d] 'enough factual matter (taken as true) to suggest' intentional race [or age] discrimination." *Davis*, 516 F.3d at 974 (quoting *Twombly*, 125 S.Ct. at 1965). Plaintiff's naked assertion, itself only an inference tenuously culled from the totality of her complaint and appended documents, that she was not rehired as a suite server solely because of her age and/or race amounts to nothing more than speculation. *See Davis*, 516 F.3d at 974 ("The closest the complaint ever comes to pleading [certain discrimination claims] is when

---

contends that of the four employees, they retained one African-American male age 25, one 41-year-old female Asian, and one 42-year-old African-American female."

it states plaintiffs were 'denied promotions . . . and treated differently than similarly situated white employees solely because of [] race.' That statement epitomizes speculation and therefore does not amount to a short and plain statement of their claim under Rule 8(a)."). Despite the Court's order instructing her to amend her complaint and provide the requisite "factual matter," Plaintiff simply restated the insufficient allegations of her original complaint. Nowhere in the Amended Complaint does Plaintiff so much as allege that Defendant's decision not to rehire her as a suite server was a result of her age, race, or sex. Thus, Plaintiff has failed to state a claim of employment discrimination for which relief can be granted and this action is due to be dismissed.

## IV.   CONCLUSION

Plaintiff has failed to state a claim of employment discrimination for which relief could be granted. Accordingly it is the RECOMMENDATION of the undersigned Magistrate Judge that this action be DISMISSED. It is further

ORDERED that Plaintiff's Motion To Proceed In Forma Pauperis (Doc. #2) is GRANTED. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before February 20, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of February, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE